## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DANIIL SOLOVEV,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 25-2537-KHV** |
| | ) | |
| **EKATERINA SAPOGOVA,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On September 12, 2025, Daniil Solovev filed suit pro se against Ekaterina Sapogova. See Complaint For Copyright Infringement (Doc. #1).  This matter is before the Court on Defendant's Special Appearance And Motion To Dismiss For Insufficient Service Of Process Pursuant To Fed. R. Civ. P. 12(b)(5) And 4(m) (Doc. #6) filed February 5, 2026.  For reasons stated below, the Court sustains defendant's motion.

Plaintiff had until February 26, 2026 to respond to defendant's motion.  See D. Kan. Rule 6.1(d)(1).  Plaintiff did not file a response and defendant's motion is therefore unopposed.  A party who fails to file a responsive brief or memorandum within the time specified waives the right to later do so, and the Court will consider and decide the motion as uncontested.  D. Kan. Rule 7.1(c).  Ordinarily, the Court will grant the motion without further notice.[1]  Id.  For this reason and substantially the reasons stated in Defendant's Special Appearance And Motion To Dismiss For Insufficient Service Of Process Pursuant To Fed. R. Civ. P. 12(b)(5) And 4(m) (Doc. #6), the

---

[1]    The Court affords a pro se plaintiff some leniency and liberally construes his filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Court sustains defendant's motion and dismisses plaintiff's complaint.[2]

Plaintiff had 90 days from filing the complaint to serve defendant with the summons and complaint. Fed. R. Civ. P. 4(m). If plaintiff shows good cause for the failure to serve defendant within 90 days, the Court will extend the time for service. Id. Absent a showing of good cause, the Court may still grant a permissive time extension or dismiss the case without prejudice. See id. Because plaintiff has not filed a response to defendant's motion or otherwise requested an extension of the deadline in Rule 4(m), the Court declines to extend the deadline for service.

**IT IS THEREFORE ORDERED** that Defendant's Special Appearance And Motion To Dismiss For Insufficient Service Of Process Pursuant To Fed. R. Civ. P. 12(b)(5) And 4(m) (Doc. #6) filed February 5, 2026 is **SUSTAINED.** **Under Rule 4(m) of the Federal Rules of Civil Procedure, the Court dismisses without prejudice plaintiff's Complaint For Copyright Infringement (Doc. #1) filed September 12, 2025.**

Dated this 6th day of April, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] Defendant notes that plaintiff attempted service by email through an individual who claimed to be plaintiff's "legal representative." Defendant's Special Appearance And Motion To Dismiss For Insufficient Service Of Process Pursuant To Fed. R. Civ. P. 12(b)(5) And 4(m) (Doc. #6) filed February 5, 2026 at 2. Under both federal and Kansas law, plaintiff's attempt to accomplish service through email is insufficient. See Fed. R. Civ. P. 4(e)(2) (permitting service by delivery of summons and complaint to individual personally, leaving copy at dwelling or usual place of abode or delivering copy to authorized agent); McLain v. Sedgwick Co. Sheriff's Off., No. 25-4036-JWB-BGS, 2025 WL 1454626, at *3 (D. Kan. May 21, 2025) (M.J. Severson) (no provision in Federal Rules or Kansas statutes allows service by email).